```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT


ELEANOR SANTANIELLO, by         :
and through her Sister and      :
Conservator LINDA QUADRINI,     :
                                :
     Plaintiff,                 :
                                :
     v.                         :    CASE NO.  3:04CV806(RNC)
                                :
SYBIL SWEET, ET AL.,            :
                                :
     Defendants.                :
```

RULING ON DISCOVERY MOTIONS

The plaintiff, Eleanor Santaniello, who is disabled, resided in a group home owned and operated by the defendant CLASP Homes. This action is brought on her behalf by Linda Quadrini, her sister and conservator, against CLASP Homes, a group home licensed by the Department of Mental Retardation; Kathy Stuart, a nurse employed by CLASP Homes; Norwalk Hospital, which operated the dental clinic that provided dental care to the plaintiff; Dr. Mark Feigen, the dentist who treated the plaintiff; Peter O'Meara, the Commissioner of the Department of Mental Retardation and Sybil Sweet, the plaintiff's case manager. The plaintiff alleges that the defendants were inattentive to and recklessly disregarded her health and dental needs in violation of the Due Process Clause of the Fourteenth Amendment, 42 U.S.C. § 1396n(c)(2)(A) and state law. Pending before the court are the plaintiff's motions for orders concerning discovery (doc. #85, 87), defendant CLASP Homes' application for a protective order or in the alternative, motion for order compelling

discovery (doc. #93) and the plaintiff's motion to quash (doc. #99). The court rules as follows:

1. The plaintiff's motion for orders concerning discovery (doc. #85) is denied in part and granted in part. The plaintiff seeks to preclude the defendants from calling Dr. Theodore Kastner as an expert witness. In the alternative, the plaintiff moves for an order limiting the opinions that Dr. Kastner may offer at trial to those set forth in his report dated November 30, 2005 and limiting the data, documents and other information on which Dr. Kastner may base his opinion to the information he already reviewed and identified in his report. The plaintiff complains that although Dr. Kastner's 39 page report contains opinions, Dr. Kastner states in the report that his opinions "are based on a limited review of materials under severe time constraints and, as such, are preliminary" and that he "reserve[s] the right to modify, alter or amend these opinions based upon the review of additional materials." (Report at 3, 19.) Dr. Kastner appears to suggest that he be permitted to review additional documents. (Report at 39.) The plaintiff argues that Dr. Kastner's open-ended report deprives her of the protections of Rule 26(a)(2)(B), which provides that an expert report "contain a complete statement of all opinions to be expressed . . . ." The defendants do not argue either that Dr. Kastner be permitted to supplement his opinions or that he is not limited to the opinions contained in his report. They acknowledge

the plaintiff is entitled to lock in Dr. Kastner's testimony. They concede that "despite [Dr. Kastner's] attempted reservation of a right to supplement his opinions, he is bound" by Rule 26 which requires a complete statement of an expert's opinion. (Doc. #98 at 2.)  The court agrees.  Therefore, the plaintiff's motion to preclude Dr. Kastner is DENIED.  The plaintiff's request to limit Dr. Kastner, at this juncture, to those opinions he set forth in his report is GRANTED.  See Fed. R. Civ. P. 26(a)(2)(B).

    2.  In the plaintiff's "motion for orders concerning discovery" (doc. #87), the plaintiff moves to preclude the defendants Norwalk Hospital and Dr. Mark Feigen from calling as expert witnesses Thomas Santaniello, DDS, Frank Romano, DDS, "any dentist who provided treatment to Eleanor Santaniello at the Danbury Hospital Dental Clinic or at Danbury Hospital" and Mark Feigen, DDS because the defendants' disclosure "does not include a report prepared and signed by them containing the information required to be disclosed by Fed. R. Civ. P. 26(a)(2)(B)."  The defendants respond that they complied with the rule and that Rule 26(a)(2) distinguishes between an expert witness who treated the party and need not prepare a written report and a "witness who is retained or specially employed to provide expert testimony in the case" who has to provide a report.

    On September 9, 2004, the court (Chatigny, C.J.) entered a detailed scheduling order.  (Doc. #28.)  The order stated, in

relevant part: "Discovery Relating To Expert Witnesses: An expert witness is anyone, including a treating physician, who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  Unless otherwise ordered, a party intending to call such a witness must disclose a report signed by the witness containing the information required to be disclosed by Fed. R. Civ. P. 26(a)(2)(B)."  Under the scheduling order, therefore, a treating physician disclosed as an expert witness is subject to the written report requirements of Rule 26(a)(2)(B).

The plaintiff's motion to preclude (doc. #87) is denied.  The court observes that because these experts are treating physicians and have not been retained by the defendants, the defendants have no means to compel them to author a report.  The plaintiff, however, is entitled to their opinion testimony.  Accordingly, if the identified experts are going to testify at trial, they either may be deposed at the defendants' expense or they shall write reports in compliance with Rule 26(a)(2)(B).

3.  The defendant CLASP Homes' application for protective order or in the alternative, motion for order compelling discovery (doc. #93) and the plaintiff's motion to quash subpoena duces tecum (doc. #99) are withdrawn by the moving parties.

SO ORDERED at Hartford, Connecticut this 9th day of June, 2006.


_____/s/_____
Donna F. Martinez
United States Magistrate Judge

4