```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

                                      :
ELEANOR SANTANIELLO, by and           :
through her Sister and                :
Conservator LINDA QUADRINI,           :
                                      :
      Plaintiff,                      :    CASE NO. 3:04CV806(RNC)
                                      :
      v.                              :
                                      :
SYBIL SWEET, ET AL.,                  :
                                      :
      Defendants.                     :

## ORDER

Pending before the court is plaintiff's Motion to Compel Responses to Supplemental Interrogatories dated August 18, 2006 (doc. #257). The motion relates to a discovery dispute between the plaintiff and two of the defendants, Peter O'Meara, the Commissioner of the State of Connecticut Department of Mental Retardation, and Sybil Sweet (the "DMR Defendants").

In August, 2006, plaintiff served a set of supplemental discovery requests on the DMR Defendants. The defendants objected to these requests, and the plaintiff filed a motion to compel on 10/20/06.[1] (Doc. #209.) The motion to compel was

---

[1] Among the requests at issue were interrogatories asking the defendants to "specify the name, title and business address of all lay and expert witnesses the DMR defendants intend to call at trial to rebut or contradict the facts or opinions expressed in the report and/or deposition" of each of plaintiff's four expert witnesses. (See Doc. #209.) There were also requests for production seeking all documents the DMR defendants intended to use to rebut the plaintiff's experts. (Id.) The defendants objected to every request, but responded to some of them notwithstanding the objections.

scheduled for oral argument on February 13, 2007. That morning, counsel informed the court that they had resolved their dispute and would be filing a written stipulation as to their agreement. The undersigned denied the motion to compel as "moot in light of the parties" agreement to resolve the disputes underlying the motion." (doc. #230). The parties filed their stipulation (the "Stipulation") on 2/21/07 (doc. #231).

The Stipulation states that the plaintiff's Motion to Compel "will be resolved on the following terms and conditions":

> 1. The DMR Defendants will redisclose its [*sic*] list of witnesses they intend to call at trial to rebut the testimony of plaintiffs' expert witnesses Gant, Gallo and Liptak by May 1, 2007 that includes a limited list of any such witnesses with a short description of the rebuttal testimony they intend to provide. The DMR Defendants need not include their three disclosed experts Walsh, Pastras and Blum in this disclosure.
>
> 2. The DMR Defendants shall disclose any documents they intend to use to rebut the testimony of plaintiff's experts that have not yet been disclosed by no later than May 1, 2007.
>
> 3. The Plaintiff may conduct additional discovery as to any witnesses or documents so disclosed. This may include depositions of this limited list of witnesses to inquire into their intended testimony.
>
> 4. Plaintiff may renew her Motion to Compel, if necessary, after May 1, 2007.

(Doc. #231) (emphasis added). The DMR Defendants produced a supplemental disclosure to the August 18, 2006 discovery requests on May 21, 2007. (See Pl's Mem., Doc. #257, ex. A.)

The plaintiff argues in her Motion to Compel that the DMR

Defendants' supplemental disclosure was not compliant with the terms of the Stipulation and that they have failed to produce all documents as required by the Stipulation.[2]  Oral argument on the pending motion to compel was held on November 30, 2007.

It became apparent at oral argument that the issues raised by this motion to compel are focused on the plaintiff's "systemic" claims.[3]  Plaintiff's counsel explained his concern that the defendant's witnesses at trial would testify as to changes in policy and procedure that were made after, and perhaps in response to, plaintiff's expert witness reports.  Absent additional information about that anticipated testimony, plaintiff and her experts would be unprepared to rebut the defendants' argument that the systemic problems identified by plaintiff's experts do not exist or have been addressed.  In addition, plaintiff proposed that the court might set a cutoff date as to the systemic claims, such that only the policies and

---

[2]The defendants' Supplemental Disclosure names many witnesses and provides a very brief summary of the rebuttal testimony of each witness.  In many cases, the summary is essentially just that the witness "will speak to" certain policies and procedures, without any detail about what the witness will say about those matters.  (See Pl's Mem., Doc. #257, ex. A.)

[3]The plaintiff's original complaint alleged that the defendants disregarded her health and dental needs, resulting in the extraction of seventeen of her teeth.  On March 27, 2006, with leave of the court, plaintiff amended her complaint, adding prayers for relief which the parties interpret as requests for system-wide reforms by the DMR.  (Doc. # 118.)

3

procedures in place before that date would be at issue in the trial. Plaintiff's counsel argues that additional information about the witnesses' intended testimony is required so that he can determine which of the witnesses he should depose, so that he can prepare motions in limine, and to permit the court to manage the trial and/or set a cutoff date.

The court perceives several problems with any effort to resolve this dispute at the present time. The DMR defendants have moved for summary judgment as to the plaintiff's systemic claims. If they are successful in their motion, the issues for trial will be far more limited and this discovery might be unnecessary.[4] The fundamental issue raised by the motion to compel has to do with which issues will be part of the trial and how the trial will be conducted, a dispute that is premature at this stage and can more efficiently be resolved once the summary judgment motions are decided and the parties have a clearer understanding of what the issues for trial will be.

For all the foregoing reasons, the plaintiff's Motion to Compel Responses to Supplemental Interrogatories dated August 18, 2006 (doc. #257) is denied without prejudice to refiling after a ruling on the DMR Defendants' motion for summary judgment. At

---

[4] If the systemic issues survive the summary judgment motion, the papers suggest the plaintiff probably would seek to conduct additional discovery at that time to update her understanding of the current policies and procedures.

that time, if the discovery dispute is still at issue, the court encourages the parties to contact the chambers of the undersigned to schedule a status conference for the purpose of attempting to resolve these issues in light of the court's summary judgment ruling.

SO ORDERED at Hartford, Connecticut this 11th day of February, 2008.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge